SCAD-11-0000162

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

EARLE A. PARTINGTON, Respondent.

---

ORIGINAL PROCEEDING
(ODC 10-079-8913)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Duffy, J., and Intermediate Court
of Appeals Chief Judge Nakamura, in place of Acoba, J., recused;
with Nakayama, J., dissenting, in which McKenna, J., joins)

We are presented with a reciprocal disciplinary proceeding against Respondent Earle A. Partington brought pursuant to the Rules of the Supreme Court of the State of Hawaiʻi (RSCH) Rule 2.15, which obligates us to impose reciprocal discipline, see RSCH Rule 2.15(d), unless it appears or is shown that[1] (1) the procedures in the foreign jurisdiction through which discipline was imposed were "so lacking in notice or opportunity to be heard as to constitute a deprivation of due

---

[1]    RSCH Rule 2.15(c) provides that reciprocal discipline shall be imposed "unless Counsel or the attorney demonstrates, or it clearly appears upon the face of the other jurisdiction's record, that" one of the four conditions set forth above exists.

process"; (2) that "there was such an infirmity of proof establishing the factual basis for the discipline . . . as to give rise to the clear conviction that the supreme court could not, consistent with its duty, accept as final the other jurisdiction's conclusion on that subject"; (3) "the reason for the other jurisdiction's discipline . . . no longer exist"; or (4) that "the conduct established warrants substantially different discipline . . . in this state." See RSCH Rule 2.15(c)(1)-(4).

Upon consideration of the evidence in the record and the Disciplinary Board's Report and Recommendation for the Disbarment of Respondent Partington, and following full consideration of Respondent Partington's arguments and evidence submitted to this court in opposition to the Disciplinary Board's Report and Recommendation, we conclude as follows:

It appears that Respondent Partington submitted an appellate brief to the United States Navy-Marine Corps Court of Criminal Appeals in Washington, D.C., which omitted material facts necessary to accurately portray the court-martial proceedings that were the subject of the appeal. It further appears that the Department of the Navy's Office of the Judge Advocate General imposed upon Respondent Partington an indefinite suspension from the practice of law in the Department of the Navy's jurisdictions, and the United States Navy-Marine Corps Court of Criminal Appeals in Washington, D.C. imposed a one-year suspension upon Respondent Partington. Partington's factual omissions in the appellate brief were in violation of the Hawai'i Rules of Professional Conduct Rule 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal [.]") and HRPC Rule 3.3 cmt. 2 ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation."); HRPC Rule 8.4(a) ("It is professional misconduct for a lawyer to . . .

2

violate . . . the rules of professional conduct [.]"); and HRPC Rule 8.4(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving . . . misrepresentation [.]").

It further appears that Respondent Partington has substantial experience in the practice of law and continues to refuse to acknowledge the wrongful nature of his conduct.

In mitigation, it appears that the record in the court-martial was unclear in some respects, and that Partington had some basis on which to argue that his client could not plead guilty to a lesser included offense under the circumstances as they existed.

In submitting an appellate brief which omitted material facts, Partington engaged in professional misconduct. However, unlike the Judge Advocate General and the dissent, and given the lack of clarity in certain aspects of the record, we are not convinced that Partington's omissions were done deliberately with the intent to mislead or deceive the court. Considering all of the circumstances, we conclude that a suspension from the practice of law is warranted, although Partington has demonstrated that the conduct established warrants a shorter period of discipline than the indefinite suspension to practice law imposed by the Judge Advocate General, and the one-year suspension imposed by the United States Navy-Marine Corps Court of Criminal Appeals in Washington, D.C.

Therefore,

IT IS HEREBY ORDERED that Respondent Partington is suspended from the practice of law in this jurisdiction for a period of 30 days, effective 30 days from entry of this order, as provided by the RSCH Rule 2.16(c). This 30-day suspension appropriately recognizes the serious nature of Respondent Partington's misconduct, and is consistent with other cases that we have decided involving misrepresentations to the court. See ODC v. Parker, No. 18045 (Haw. Sept. 9, 1994) (unpublished)

3

(suspending Parker for one month for his misrepresentations to the Circuit Court, his client, and the ODC). Although there are other cases involving misrepresentations where longer sanctions have been imposed, <u>see</u> Dissenting Opinion at 7-8, those cases often involve additional forms of misconduct.

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Partington shall pay all costs of these proceedings as approved upon timely submission of a bill of costs.

IT IS FURTHER ORDERED that Respondent Partington shall, within ten (10) days after the effective date of this order, file with this court an affidavit in full compliance with RSCH Rule 2.16(d).

DATED: Honolulu, Hawaiʻi, November 9, 2011.

/s/ Mark E. Recktenwald

/s/ James E. Duffy, Jr.

/s/ Craig H. Nakamura



4